UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK MENDES,<br>    *Plaintiff*,<br><br>v.<br><br>STEVEN CUNNINGHAM *et al.*,<br>    *Defendants*. | No. 3:21-cv-1527 (JAM) |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Frederick Mendes was a prisoner in the custody of the Connecticut Department of Correction at the time of the filing of his complaint. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against several officers of the New Haven Police Department. For the following reasons, I conclude that the complaint should be dismissed without prejudice.

### BACKGROUND

Mendes names as defendants seven New Haven police officers in both their official and individual capacities: Detective Juan C. Monzon, Supervisor Jarrod T. Boyce, Detective Steven Cunningham, Detective Jessica Stone, Detective Bridget Brosnahan, Patrol Officer Ruben Para, and Officer Salvati.[1]

According to the complaint, at approximately 2:46 AM on October 28, 2018, the New Haven Police responded to a call from Mendes reporting that he was being assaulted by several young adults at his place of work.[2] He told Patrol Officer Edrick Agosto that he was the manager of the establishment and that two women and a man had attacked him while he was in the

---

[1] Doc. #1 at 1–3, 7. Although Mendes also states in passing that he is "filing against the New Haven Police Department," *id.* at 10, he does not name the police department as a defendant in the caption of the complaint. *See* Fed. R. Civ. P. 10(a) (stating that "[t]he title of the complaint must name all the parties").
[2] *Id.* at 4 (¶ 1), 7 (¶ 3).

1

process of patching holes in the walls.[3] Mendes was 62 years old at the time of the incident.[4] He reported to the police officers on scene that the young man had taken Mendes's flashlight, slammed it on the ground, and then commenced punching Mendes.[5] Mendes showed the officers the paint scraper he had used to defend himself.[6] Mendes described his assailants as smelling of alcohol, and the police agreed that the assailants had indeed been heavily intoxicated.[7] Mendes told the police that he wanted his assailants arrested for assaulting an elderly person, but Officers Agosto and Para ignored his request.[8] Sometime later, Mendes was taken to the police station and held for over ten hours.[9]

Mendes alleges that he was "falsely arrested" in order to protect a confidential informant who had an illegal substance in his possession.[10] Mendes does not allege why the police arrested him, but it appears that an individual accused Mendes of assault.[11] According to Mendes, the statements made against him made no sense and were inconsistent.[12] In addition, the individual claiming to have been assaulted by Mendes was highly intoxicated, had illegal substances in his system, and possessed "several clear baggies of a green leafy substance that was not tested[.]"[13]

That is all the complaint says about Mendes's arrest and prosecution, but court records fill in the picture. They show that Mendes was arrested on October 28, 2018, that he entered a plea of no contest and was convicted on one count of assault in the first degree in violation of Conn. Gen. Stat. § 53a-59(a)(3), and that he was sentenced to a term of three years in jail and

---

[3] *Id.* at 7 (¶¶ 3–4).
[4] *Id.* at 8 (¶ 5).
[5] *Ibid.* (¶ 7).
[6] *Id.* at 7 (¶ 4).
[7] *Id.* at 8 (¶ 8).
[8] *Ibid.* (¶¶ 5–6); *id.* at 5 (¶ 6).
[9] *Id.* at 4 (¶ 2).
[10] *Ibid.* (¶ 4).
[11] *Id.* at 9 (¶ 10).
[12] *Id.* at 5 (¶ 5); *id.* at 9 (¶ 13).
[13] *Id.* at 5 (¶¶ 7–8); *id.* at 9 (¶ 10).

three years of special parole.[14] There is no record of Mendes appealing from or otherwise challenging this conviction.

Mendes's complaint primarily alleges claims arising under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and violations of his equal protection rights.[15] He also alleges a claim under state law for intentional inflectional of emotional distress.[16] Mendes seeks money damages in the amount of $2,500,000 for the "ineffable amount" of emotional distress he has suffered.[17]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."[18] *Ibid*. If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[14] *See* Connecticut Judicial Branch, Criminal/Motor Vehicle Conviction Case Detail, State v. Frederick Mendes, Dkt. No. NNH-CR18-0188326-T, available at https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp (last accessed June 8, 2022).
[15] Doc. #1 at 10; *id.* at 9 (¶ 12).
[16] *Id.* at 10.
[17] *Id.* at 6.
[18] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

3

(2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Fourth Amendment false arrest and malicious prosecution*

Mendes primarily alleges claims for false arrest and malicious prosecution. "To state a valid claim for false arrest or malicious prosecution under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010), and *Jaegly v. Couch*, 439 F.3d 149, 151–52 (2d Cir. 2006)). In Connecticut, a plaintiff who alleges a claim for malicious prosecution and false arrest must show both an absence of probable cause and that the underlying charges terminated favorably to the plaintiff. *See Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017); *Miles v. City of Hartford*, 445 F. App'x 379, 382–83 (2d Cir. 2011); *Miller v. Stallworth*, 2018 WL 3974730, at *4 (D. Conn. 2018). A "favorable termination" means that a plaintiff must show that "his prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332,1335 (2022).

Mendes does not plausibly allege a favorable termination of his underlying charge. As noted above, Mendes pleaded no contest to a charge of assault in the first degree. He was found guilty, and there is no record of Mendes ever appealing his conviction. Because Mendes has not plausibly alleged a favorable termination of the underlying criminal charge, I will dismiss without prejudice Mendes's Fourth Amendment claims for false arrest and malicious prosecution.

### *Fourteenth Amendment equal protection*

Mendes alleges that he "clearly was not afforded 'equal protection under the law' as stated by the constitution."[19] I will construe this allegation as a claim for a violation of his Fourteenth Amendment equal protection rights.

"The Equal Protection Clause . . . commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an Equal Protection claim, Mendes must allege that he was treated differently from other similarly situated individuals, and that the reason for different treatment was intentional discrimination. *See Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005).

Mendes does not make any of these allegations, and instead merely claims in conclusory terms that he was not afforded equal protection under the law. He alleges that he is elderly, but age is not a protected class under the Fourteenth Amendment. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). In any event, he does not even allege that he was treated differently from any similarly situated individuals. Because Mendes has alleged insufficient facts to state a plausible grounds for relief under the Equal Protection Clause, I will dismiss the claim.[20]

In addition to the above, I note that Mendes has not alleged facts describing any of the individual defendants' personal involvement in his alleged constitutional violations. Should he seek to amend his complaint to include the same or other § 1983 claims, Mendes must include in his complaint plausible allegations setting forth how each of the defendants was personally involved in his alleged constitutional deprivations. *See Grullon v. City of New Haven*, 720 F.3d

---

[19] *Id.* at 9 (¶ 12).

[20] Because I conclude as to each of his constitutional claims that Mendes has not alleged plausible grounds for relief, there is no need for me to consider whether Mendes's claims may also be foreclosed by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff may not seek money damages pursuant to 42 U.S.C. § 1983 if the grounds for relief would necessarily imply the invalidity of a conviction or sentence that has not been reversed or vacated.

133, 138–39 (2d Cir. 2013).

Besides naming several New Haven police officers in their individual capacities, Mendes also brings official capacity claims against the officers and the New Haven Police Department itself. Under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipality may be vicariously liable for unconstitutional misconduct only if the misconduct was caused by a municipal policy, practice, or custom, or if it was caused by a municipality's deliberate indifference and inaction in light of a history of prior similar constitutional deprivations by municipal officers. *See Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (describing scope and limitations of municipal liability under *Monell*). In any event, I need not consider whether Mendes's allegations satisfy *Monell* because Mendes has not alleged any plausible underlying constitutional violation. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Accordingly, I will dismiss all of Mendes's § 1983 claims against the police officers in their official capacities.

Because Mendes has not alleged any plausible grounds for relief under federal law, only his state law claim for intentional infliction of emotional distress remains. "[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice." *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998). Accordingly, I decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Mendes's state law claim.

## CONCLUSION

For the reasons set forth above, Mendes's complaint is DISMISSED without prejudice. The Clerk of Court shall close this case. If, however, Mendes believes that there are additional

facts that he can allege that will overcome any of the deficiencies identified in this ruling, then Mendes may file a proposed amended complaint on or before **July 13, 2022,** and the Court will construe any such filing as a motion to re-open and conduct another initial review pursuant to 28 U.S.C. § 1915A.

    It is so ordered.

    Dated at New Haven, Connecticut this 10th day of June 2022.

                                             /s/ *Jeffrey Alker Meyer*
                                             Jeffrey Alker Meyer
                                             United States District Judge